*Green v. Md. Comm'n on Judicial Disabilities*, No. 3467 & No. 2799, September Term 2018, Opinion by Graeff, J.

**JUDICIAL MISCONDUCT – STANDING – DUE PROCESS INTEREST**

The purpose of the Maryland Commission on Judicial Disabilities is "to maintain public confidence in the integrity, independence, and impartiality of judges and the judicial system." Maryland Rule 18-401(b)(1). Because the purpose of the judicial disciplinary system is to protect the public and maintain public confidence in the judiciary, not to vindicate any individual person's interest, a person who files a complaint with the Commission has no standing to seek judicial review of the Commission's resolution of the complaint.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

Nos. 3467 & 2799

September Term, 2018

_____

CARLTON M. GREEN

v.

STATE OF MARYLAND COMMISSION ON
JUDICIAL DISABILITIES

_____

Fader, C.J.,
Graeff,
Nazarian,

JJ.

_____

Opinion by Graeff, J.

_____

Filed:  September 30, 2020

*Reed, J., did not participate in the decision to
report this opinion pursuant to Md. Rule 8-605.1.

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Carlton Green, appellant, filed a complaint with the Maryland Commission on Judicial Disabilities ("the Commission"), against a judge. Several months later, the Commission notified Mr. Green that it was dismissing his complaint based on its conclusion that the evidence failed to show that the judge committed sanctionable conduct.

Mr. Green then filed two complaints in the circuit court. The first complaint sought judicial review of the Commission's decision. The second complaint sought a declaratory judgment, requesting the court to: (a) declare that his constitutional due process rights were denied by the Commission's procedures; and (b) order that the matter be remanded to the Commission with directions to conduct a complete and thorough investigation of the complaint, including interviewing Mr. Green and allowing him to present evidence. The circuit court dismissed both complaints.

On appeal, Mr. Green presents multiple issues for this Court's review.[1] In case No. 2799, the appeal relating to the complaint seeking judicial review, Mr. Green presents the following questions, which we have rephrased slightly, as follows:

1. Is a complainant who files a complaint with the Commission entitled to seek administrative mandamus pursuant to Maryland Rule 7-401 when the Commission dismisses the complaint?

2. Is the Commission an administrative agency under Md. Rule 7-401?

3. Does the circuit court have subject matter jurisdiction when the procedure of the Commission is alleged to be unconstitutional?

4. Does a complainant to the Commission have any due process rights, and if so, were such rights denied by the circuit court in this case?

---

[1] On June 19, 2019, this Court consolidated for oral argument the appeals in both cases.

In case No. 3467, the appeal relating to the complaint seeking a declaratory judgment, Mr. Green presents the following questions, which we have rephrased slightly, as follows:

1. Did the circuit court have jurisdiction over Mr. Green's complaint for declaratory judgment against the Commission?

2. Did Mr. Green have standing to bring a claim for declaratory judgment against the Commission and did the court err in failing to allow an amendment of the complaint to allege facts demonstrating standing?

3. Did the Commission have the power to summarily dismiss Mr. Green's complaint?

4. Does sovereign immunity apply to the Commission in the declaratory judgment action?

For the reasons set forth below, we shall affirm the judgments of the circuit court.

## STATEMENT OF FACTS AND BACKGROUND

### I.

### Commission on Judicial Disabilities

Before discussing the facts of this case, we discuss briefly the role and procedures of the Commission. The Commission was "established as an independent body pursuant to Article IV of the Maryland Constitution." *Matter of Reese for Howard Cty., Tenth Judicial Circuit*, 461 Md. 421, 436 (2018); *see* Md. Const. art. IV, § 4A. The Commission is comprised of eleven people, appointed by the Governor of Maryland with "the advice and consent of the Senate." Md. Const. art. IV, § 4A(a). These members consist of three Maryland judges, three Maryland lawyers who are not judges, and five members of the public who are not admitted to practice law in Maryland. *Id.* at 4A(c). The Commission's

2

function is "merely an inquiry into the conduct of a judicial officer the aim of which is the maintenance of the honor and dignity of the judiciary and the proper administration." *Reese*, 461 Md. at 439 (quoting *In re Diener*, 268 Md. 659, 670 (1973)).

Pursuant to the Maryland Constitution, the Commission has the power to: "Investigate complaints against any judge of the Court of Appeals, any intermediate courts of appeal, the circuit courts, the District Court of Maryland, or the orphans' court." Md. Const. art. IV, § 4B(a)(1)(i). The Commission has the authority to hold hearings and compel witnesses and the production of evidence, *id*. at § 4B(a)(1)(ii), and to issue a reprimand or "recommend to the Court of Appeals the removal, censure, or other appropriate disciplining of a judge or, in an appropriate case, retirement," *id*. at § 4B(a)(2). After receiving a recommendation from the Commission, the Court of Appeals may discipline the judge as it deems appropriate. *Id.* at § 4B(b)(1). All proceedings before the Commission shall be "confidential and privileged" unless the case is filed with the Court of Appeals. *Id*. at § 4B(a)(3).

The Constitution provides that the Court of Appeals "shall prescribe by rule the means to implement and enforce the powers of the Commission and the practice and procedure before the Commission." *Id*. at § 4B(a)(5). Based on that authority, the Court of Appeals has adopted rules to govern the Commission's process, which currently are codified in Md. Rules 18-401 through 18-442. The Court of Appeals gave an overview of these procedures in *Matter of White*, 451 Md. 630, 636–37 (2017), as follows:

> Upon receiving a complaint alleging . . . misconduct by a judge, the Commission's Investigative Counsel may conduct a preliminary investigation. Maryland Rule 18–404. The Judicial Inquiry Board, also

3

created by the rules, monitors the investigation, receives a report from the Investigative Counsel, and makes a recommendation to the Commission about what, if any, further action to take on a complaint. Maryland Rules 18–403, 18–404. If the matter is not resolved at an earlier stage of the investigation or during the Judicial Inquiry Board process, and if the Commission finds probable cause to believe that the judge has committed sanctionable conduct, the Commission may direct the Investigative Counsel to file charges against the judge with the Commission. Maryland Rule 18–407(a). Those charges, and the judge's response to them, become the subject of an evidentiary hearing before the Commission. *Id.*

The rules provide a judge accused of misconduct with various procedural rights in connection with the Commission's hearing on the charges. Maryland Rule 18–407(b)–(i). Among other things, the rules provide for notice to the judge of the charges and allow the judge to submit a written response. Maryland Rule 18–407(b)–(c). The judge has a right to be represented by counsel, to have subpoenas issued for testimony by witnesses and the production of evidence, to examine the Commission record, and to cross-examine adverse witnesses. Maryland Rule 18–407(f). The pre-hearing exchange of information between the judge and Investigative Counsel is governed by the discovery rules applicable to civil actions in the circuit courts; the Chair of the Commission is authorized to carry out the function of a circuit court judge in limiting discovery, issuing protective orders, and otherwise resolving discovery disputes. Maryland Rule 18–407(g)(3). The hearing before the Commission on the charges is to be conducted in accordance with the rules of evidence and is to be stenographically recorded. Maryland Rule 18–407(i).

The Commission is to make findings of fact under a clear and convincing standard of proof and either dismiss the charges, reprimand the judge, or refer the matter to the Court of Appeals for other discipline. Maryland Rule 18–407(j). If the matter is referred to this Court, the Commission is to create a record of its proceedings, including a transcript. Maryland Rule 18–407(k).[2]

The rules do not provide, as they do for an accused judge, procedural rights for a complainant.

---

[2] There were subsequent revisions to the rules governing the Commission's process, which will be discussed as relevant to our analysis of the issues in this case.

## II.

## Factual and Procedural Background

On November 2, 2017, Mr. Green filed a complaint with the Commission. Although the Commission's confidential records are not included in the record on appeal in this Court, Mr. Green asserts that his filing with the Commission included a statement of facts, under oath, alleging sanctionable conduct or disability by a judge.

On May 2, 2018, the Commission sent Mr. Green a letter, notifying him that his complaint had been reviewed and considered by the Judicial Inquiry Board and the Commission. The letter advised that, after reviewing the materials that Mr. Green submitted, and the other materials gathered during the investigation, "the Commission concluded that the evidence failed to show that the judge committed sanctionable conduct."[3] Accordingly, the letter stated that the Commission had dismissed the complaint, "as required by 18-406(a)(1)."[4]

---

[3] In 2018, when the Commission sent Mr. Green this letter, Md. Rule 18-401(k) stated, in part, that "'[s]anctionable conduct' means misconduct while in office, the persistent failure by a judge to perform the duties of the judge's office, or conduct prejudicial to the proper administration of justice." Effective July 1, 2019, this provision became Md. Rule 18-402(m).

[4] In 2018, Md. Rule 18-406(a)(1) provided:

The Commission shall dismiss a complaint if, after an investigation, it concludes that the evidence fails to show that the judge has a disability or has committed sanctionable conduct. The Commission shall notify the judge and each complainant of the dismissal.

Effective July 1, 2019, this rule became Md. Rule 18-425. The new rule still provides that the Commission shall dismiss a complaint if "the evidence fails to show that the judge" has

5

On May 29, 2018, Mr. Green filed two complaints in the circuit court. One sought judicial review of the Commission's dismissal of his complaint, alleging that Mr. Green "was a party to the agency decision." The other sought a declaratory judgment

> [d]eclaring and adjudicating the due process rights of the Complainant in Judicial disciplinary Case Number 2017-220; that the Court declare the constitutional due process rights of the Complainant were denied Complainant in such proceeding and in order that the matter be remanded to the Defendant State of Maryland Commission on Judicial Disabilities with direction to conduct a complete and thorough investigation of the Complaint; to interview the Complainant and to afford Complainant an opportunity to be heard and present evidence to the Defendant Commission, following such hearing to be informed of the finding of facts and conclusion of law of such Defendant Commission; to further declare the rights of Complainant to appeal any decision of Defendant Commission; and for such other and further relief as is appropriate.

The Commission filed responses to both complaints. In its Corrected/Amended Motion to Dismiss Action for Judicial Review, the Commission set forth three reasons why the complaint should be dismissed. First, the Commission argued that the circuit court lacked subject matter jurisdiction to review the actions of the Commission. It asserted that "the Court of Appeals has exclusive jurisdiction to oversee the activities of the Commission and the judicial disciplinary process," and therefore, "the circuit court lacks jurisdiction to hear Mr. Green's action for judicial review."

Second, the Commission argued that judicial review of its investigation of complaints of judicial misconduct was not authorized by any statute or rule. It asserted that the Commission is not akin to an administrative agency subject to judicial review.

---

"committed sanctionable conduct," but it provides that, in an appropriate circumstance, the Commission may accompany a dismissal with a letter of cautionary advice.

6

Third, the Commission argued that Mr. Green lacked standing to bring his complaints. It asserted that Mr. Green was "not an aggrieved party to the Commission's action, investigation and dismissal" of the complaint.

On September 14, 2018, the circuit court held a hearing on the motion to dismiss the complaint for judicial review. The court stated that it was in "uncharted territory." The Commission reiterated the arguments in its motion, and counsel for Mr. Green argued that he had the right to request administrative mandamus.

The court ultimately granted the motion to dismiss. It stated that the reasons given by the Commission warranted dismissal.

The Commission also filed a motion to dismiss with respect to Mr. Green's complaint for declaratory relief. It argued that the complaint should be dismissed because: (1) the claim was barred by sovereign immunity; (2) the circuit court lacked subject matter jurisdiction; and (3) Mr. Green lacked standing because there was no justiciable controversy between him and the Commission. Alternatively, the Commission argued that, if the court declined to dismiss the declaratory judgment action, it should "issue a declaration in favor of the Commission declaring that complainants have no constitutionally protected interest in the investigation and resolution of judicial disability complaints and, therefore, no entitlement to procedural due process."

Mr. Green opposed the Commission's motion. He asserted that the Court of Appeals did not have exclusive jurisdiction to overrule the decision of the Commission, and the circuit court had jurisdiction over the declaratory judgment action. He further argued that, because he was asking only for a declaration of rights, and not a monetary

award, the Commission was not entitled to sovereign immunity. Finally, Mr. Green argued that he had standing because he was "affected by the lack of procedural due process for him as a complainant," and he was "entitled to have his rights declared under the Maryland Declaratory Judgment Act where the current Maryland Rules fail to adhere to procedural due process and are thus unconstitutional."

On November 8, 2018, the circuit court held a hearing on the Commission's motion.[5] On January 22, 2019, the circuit court issued an order granting the Commission's motion to dismiss. The court noted that "[a] claim may be dismissed when the alleged facts and reasonable inferences, even if proven, would still fail to afford relief to the plaintiff." The court stated:

> [Mr. Green] requests a declaratory judgement because he believes his constitutional rights were violated by not being granted the opportunity to take part in any hearing regarding his complaint filed with the Commission, and because he was given no opportunity to appeal the decision. The Declaratory Judgement Act Provides a mechanism to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal actions." Md. Code Ann. Cts. & Jud. Proc. §3-402 (2018). Any person "whose rights, status, or other legal relations are affected by a statute … may have determined any question of construction or validity arising under the … statute, … and obtain a declaration of rights, status, or other legal relations under it." Md. Code Ann. Cts. & Jud. Proc. §3-403.

> While [Mr. Green] may have no further legal recourse to find a way to address his grievances with the Commission's actions, appealing to the Circuit Court is not a remedy available to him. He has not proven the required loss of life, liberty, or property interest to challenge the Commission's decision based on a violation of his Due Process rights. To achieve the goal he is seeking, [Mr. Green] needs to proffer to the Maryland Legislature proposed changes to the Maryland Rules and Maryland Constitution. The Circuit Court need not consider whether it has subject

---

[5] Appellant did not provide a copy of the transcript of this hearing in the record on appeal.

8

matter jurisdiction over judicial discipline or if the State has waived its sovereign immunity because [Mr. Green] lacks standing to bring this suit.

Mr. Green appealed the circuit court's decisions in both cases. As indicated, the cases were consolidated for oral argument.[6]

## STANDARD OF REVIEW

We review the circuit court's grant of a motion to dismiss *de novo*. *Lamson v. Montgomery County*, 460 Md. 349, 360 (2018). We also review determinations of standing *de novo*. *Ibru v. Ibru*, 239 Md. App. 17, 32–33 (2018), *cert. denied*, 462 Md. 570 (2019).

## DISCUSSION

We begin our analysis by addressing whether Mr. Green has standing to bring his complaints for judicial review and declaratory judgment. Standing "is a threshold issue." *State v. Phillips*, 210 Md. App. 239, 257 (2013) (quoting *Norman v. Borison*, 192 Md. App. 405, 420 (2010)). It "refers to whether the plaintiff has shown that he or she is entitled to invoke the judicial process." *Pizza di Joey, LLC v. Mayor of Baltimore*, No. 41 Sept. Term, 2019, 2020 WL 4745777, at *13 (Md. Aug. 17, 2020) (quoting *State Ctr., LLC v. Lexington Charles Ltd. P'ship*, 438 Md. 451, 502 (2014)). As the Court of Appeals recently explained:

> The requirement of standing "is designed to ensure that a party seeking relief has a sufficiently cognizable stake in the outcome so as to present a court with a dispute that is capable of judicial resolution." *Kendall v. Howard Cty.*, 431 Md. 590, 603, 66 A.3d 684 (2013) (internal quotation marks and citations omitted)). "Under Maryland common law, standing to bring a judicial action generally depends on whether one is aggrieved, which means whether a plaintiff has an interest such that he or she is personally and

---

[6] Mr. Green also petitioned for certiorari in both cases. The Court of Appeals denied certiorari on January 18, 2019.

9

specifically affected in a way different from the public generally." *Id.* (cleaned up).

*Id. Accord Phillips*, 210 Md. App. at 257 ("[T]o have standing, a party must demonstrate an 'injury-in-fact,' or 'an actual legal stake in the matter being adjudicated.'") (quoting *Norman v. Borison*, 192 Md. App. at 420).[7]

Mr. Green contends that he "has standing and a duty as a member of the Bar" to challenge procedures of the Commission that are in violation of the Constitution. With respect to the requirement that he demonstrate that he was injured or aggrieved by the Commission's decision to dismiss his complaint, appellant has set forth several theories. At one point, he argued that he was aggrieved by the decision because the judge involved should have recused from his case. It is clear, however, that the judicial disciplinary system is not a remedy for any claim in this regard. The proper remedy for such an allegation would be an appeal of the court's decision, not the filing of a complaint with the Commission. *See*, *e.g., Sharp v. Howard County*, 327 Md. 17, 23, 26 (1992) (appeal of judge's decision to not recuse himself).

The Commission is not tasked with remedying a wrong to a complainant. Rather, as set forth in Rule 18-401(b)(1), the Commission was created "to maintain public confidence in the integrity, independence, and impartiality of judges and the judicial

---

[7] "Standing to bring a declaratory judgment is the same as for other cases; there must be a 'legal interest' such as 'one of property, one arising out of a contract, one protected against tortious invasion, or one founded on a statute which confers a privilege.'" *Howard v. Montgomery Mut. Ins. Co.*, 145 Md. App. 549, 556 (quoting *Comm. for Responsible Dev. on 25th Street v. Mayor and City Council of Baltimore*, 137 Md. App. 60, 72 (2001), *cert. denied*, 372 Md. 431 (2002).

system." The Court of Appeals has explained that "[j]udicial discipline is 'not for purposes of vengeance or retribution, but to instruct the public and all judges . . . of the importance of the function performed by judges in a free society.'" *In re Lamdin*, 404 Md. 631, 653 (2008) (quoting *In re White*, 651 N.W.2d 551, 566 (Neb. 2002)). *Accord Reese*, 461 Md. at 439 (aim of judicial disciplinary proceedings is "the maintenance of the honor and dignity of the judiciary") (quoting *In re Diener*, 268 Md. at 670).

Other courts that have considered the issue of standing with respect to a complainant challenging the outcome of a disciplinary proceeding have noted the public purpose of disciplinary proceedings. For example, in *Petition of Lath*, 154 A.3d 1240 (N.H. 2017), the petitioners challenged the decision of the Attorney Discipline Office to dismiss the grievance they filed against an attorney. The court noted that "the purposes of attorney discipline include the protection of the public and the maintenance of public confidence in the bar." *Id.* at 1244. The "complainant is not a party to the disciplinary proceeding" and does not participate in the proceedings to enforce his or her rights, and therefore, "no personal rights or remedies of the grievant are adjudicated in, or directly affected by, a disciplinary proceeding." *Id.* at 1244–45. The only one to suffer an injury as a result of the disciplinary proceeding is the lawyer involved, and any benefit conveyed "is bestowed upon the public at large. *Id.* at 1245. Accordingly, a complainant "does not have standing to challenge the disciplinary authority's disposition of a grievance." *Id.*

Similarly, in *Boyce v. North Carolina State Bar*, 814 S.E.2d 127, 133–35 (N.C. Ct. App. 2018), the court held that a lawyer did not have standing to seek a declaratory judgment against the State Bar for refusing to discipline a candidate for Attorney General

11

for a political advertisement. The court noted that the State Bar disciplinary process was intended "to protect the public, the courts, and the legal profession." *Id.* at 134 (quoting *N.C. State Bar v. Rogers*, 596 S.E.2d 337, 343 (N.C. Ct. App. 2004)). Pursuant to the disciplinary procedures set up,

> the complainant has no control over when, how, or whether the State Bar pursues his grievance. After reporting the alleged attorney misconduct to the Bar, the complainant's interest in the case going forward is the same as all other members of the public—to see a state agency protect the public from attorney misconduct by pursuing discipline for unethical behavior[.]

*Id.* at 134. The court held that, because the purpose of government investigations of wrongdoers is to vindicate public, not private, interests, those aggrieved by alleged wrongdoing have no standing to ask courts to intervene in those investigations. *Id.* at 134–35.

In *In re Faignant*, 212 A.3d 623 (Vt. 2010), petitioner sought judicial review of Bar Counsel's dismissal of the complaint he made against his attorney. The court dismissed the complaint, concluding that petitioner failed to allege an injury that conveys standing. *Id.* at 626. The court noted that the attorney-discipline system serves to protect the public and maintain public confidence in the bar, and the process does not provide "a means of redress for one claiming to have been personally wronged by an attorney." *Id.* (quoting *Cotton v. Steele*, 587 N.W.2d 693, 699 (Neb. 1999)). *Accord Cotton*, 587 N.W.2d at 699 (Failure to discipline an attorney "poses a risk of injury to the general public, not to a particular individual," and a person who files a disciplinary complaint against an attorney has no legally cognizable stake in the outcome to confer standing to challenge the disposition of his or her complaint.); *Operation Clean Gov't v. R. I. Comm'n on Jud.*

12

*Tenure & Discipline*, 741 A.2d 257, 262 (R.I. 1999) (Citizens group had no standing to challenge the action of the Commission on Judicial Tenure and Discipline dismissing charge against four judges; it had "no legal right to demand that the Commission perform an investigation in any particular manner.").

Here, the disciplinary system for judges in Maryland similarly serves to protect the public and maintain public confidence in the judiciary. It is not designed to remedy alleged wrongs to the complainant. Accordingly, consistent with the analysis set forth in other jurisdictions, Mr. Green has not shown that he was injured or aggrieved by the Commission's decision dismissing his complaint.

Mr. Green argues, however, that he was aggrieved, as the complainant to the Commission, by "the lack of procedural due process afforded" to him. This contention has no merit.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall deprive any person of life, liberty or property, without due process of the law." U.S. Const. amend. XIV.[8] Thus, as Mr. Green recognizes in his brief, due process protections apply only when a government seeks to deprive a person of "life, liberty, or property."

---

[8] Article 24 of the Maryland Declaration of Rights provides: "That no man ought to be . . . deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land." Md. Const. Decl. of Rts. art. 24. This provision and the Due Process Clause of the Fourteenth Amendment have been viewed as "complementary provisions that protect the same rights." *Roberts v. Total Health Care, Inc.* 109 Md. App. 635, 643 (1996).

13

The only person who is subject to such deprivation by proceedings with the Commission is a judge, who is potentially subject to discipline or the loss of a job. The Commission, therefore, is required to provide judges with procedural due process. *White*, 451 Md. 648. An accused judge is entitled, before being subject to discipline, to "notice, an opportunity to respond, [and] a fair hearing." *Id.*

A person who files a complaint against a judge, however, does not have a life, liberty, or property interest at stake when the Commission decides whether to pursue judicial discipline. Thus, a person filing a complaint with the Commission has no due process rights. Mr. Green was not entitled to due process, and his argument that he failed to receive it, therefore, is not a sufficient ground to find that he was aggrieved or suffered an injury.

We hold that, because the purpose of the judicial disciplinary system is to protect the public and maintain public confidence in the judiciary, not to vindicate any individual person's interest, a person who files a complaint with the Commission has no standing to seek judicial review of the Commission's resolution of the complaint. The circuit court properly dismissed both of Mr. Green's complaints for lack of standing.

**JUDGMENTS OF THE CIRCUIT COURT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

14