IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-980

Filed 7 May 2024

N.C. State Bar, No. 23BCR1

IN RE: THE MATTER OF THE PETITION FOR REINSTATEMENT OF: GREGORY BARTKO, Petitioner.

Appeal by defendant from orders entered 13 September 2023 by the Disciplinary Hearing Commission of the North Carolina State Bar. Heard in the Court of Appeals 2 April 2024.

*The North Carolina State Bar, by Deputy Counsels J. Cameron Lee and Kathryn H. Shields, for the respondent-appellee.*

*Gregory Bartko, pro se for the petitioner-appellant.*

TYSON, Judge.

Gregory Bartko ("Petitioner") appeals from orders dismissing his petition for reinstatement to the North Carolina State Bar (the "State Bar"). We affirm.

## I. Background

Petitioner was licensed to practice law and admitted to the State Bar on 29 June 1988. Petitioner was convicted in the United States District Court for the Eastern District of North Carolina of one count of: conspiracy to commit mail fraud, selling unregistered securities, laundering money instruments, engaging in unlawful monetary transactions, making false statements, aiding and abetting the sell of unregistered securities, and obstructing the Securities and Exchange Commission's

proceedings and four counts of: mail fraud and aiding and abetting mail fraud on 18 November 2010. *See United States of America v. Gregory Bartko*, 728 F.3d 327 (2013).

Petitioner tendered an affidavit and surrendered his license to practice law to the Wake County Superior Court on 4 January 2011. Petitioner was disbarred by order entered on 8 February 2011. Petitioner was sentenced to an active term of 23 years in the United States Bureau of Prisons, to be followed by a three-year term of supervised release with the United States Probation Office. He was ordered to pay restitution of $885,946.89 to more than 170 victims.

Petitioner was incarcerated at a United States Bureau of Prisons facility until 9 September 2020 when he was transferred to home confinement during the COVID-19 pandemic to serve out the remainder of his sentence. Petitioner is scheduled for release to the United States Probation Office on 21 June 2029.

Petitioner filed a verified petition seeking reinstatement of his license to practice law in North Carolina, along with a supporting memorandum with the Disciplinary Hearing Commission ("DHC") on 12 May 2023. The State Bar moved to dismiss the petition pursuant to 27 N.C.A.C. 1B § .0129(a)(9). Petitioner also filed a motion for declaratory relief under the North Carolina Administrative Procedures Act seeking the DHC to declare, *inter alia*, 27 N.C.A.C. 1B § .0129(a)(3)(E) was unconstitutionally vague in violation of the Due Process clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States.

The DHC granted the State Bar's motion to dismiss the petition on 17 July

2023. The same day the DHC entered an order denying Petitioner's motion for a declaratory ruling. Petitioner appealed both orders to the State Bar Council. The State Bar Council rejected all appeals.

Petitioner appealed.

## II.    Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1); 84-28(h) (2023) ("There shall be an appeal of right by either party from any final order of the Disciplinary Hearing Commission to the North Carolina Court of Appeals.").

## III.    Issues

Petitioner argues the DHC erred by: (1) granting the State Bar's motion to dismiss; (2) failing to convert the State Bar's Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment; (3) failing to address Petitioner's constitutional challenges; and, (4) refusing to consider Petitioner's verified statements on his ability and competence to carry out the responsibilities of a practicing lawyer. Petitioner further argues the N. C. State Bar Council erred in refusing to hear his appeal of the DHC orders.

## IV.    Standard of Review

"A Rule 12(b)(6) motion tests the legal sufficiency of the pleading." *Kemp v. Spivey*, 166 N.C. App. 456, 461, 602 S.E.2d 686, 690 (2004) (citation and quotation marks omitted). "When considering a [Rule] 12(b)(6) motion to dismiss, the [reviewing authority] need only look to the face of the [pleading] to determine whether

it reveals an insurmountable bar to plaintiff's recovery." *Carlisle v. Keith*, 169 N.C. App. 674 ,681, 614 S.E.2d 542, 547 (2005) (citation and quotation marks omitted).

"On appeal from a motion to dismiss under Rule 12(b)(6) this Court reviews *de novo* whether, as a matter of law, the allegations of the complaint . . . are sufficient to state a claim upon which relief may be granted[.]" *Christmas v. Cabarrus Cty.*, 192 N.C. App. 227, 231, 664 S.E.2d 649, 652 (2008) (citation and quotation marks omitted). This Court "consider[s] the allegations in the complaint [as] true, construe[s] the complaint liberally, and only reverse[s] the trial court's denial of a motion to dismiss if [the] plaintiff is entitled to no relief under any set of facts which could be proven in support of the claim." *Id.* (citation omitted).

## V.   The State Bar's Motion to Dismiss

Petitioner argues the DHC erred in granting the State Bar's Rule 12(b)(6) motion to dismiss his petition for reinstatement. Our Administrative Code articulates the content of a petitioner's reinstatement petition to the State Bar and requires:

> (6) Petition, Service, and Hearing - The petitioner shall file a verified petition for reinstatement with the secretary and shall contemporaneously serve a copy upon the counsel. The petition must identify each requirement for reinstatement and state how the petitioner has met each requirement. The petitioner shall attach supporting documentation establishing satisfaction of each requirement. Upon receipt of the petition, the secretary will transmit the petition to the chairperson of the commission. The chairperson will within 14 days appoint a hearing panel as provided in Rule .0108(a)(2) of this

Subchapter and schedule a time and place for a hearing to take place within 60 to 90 days after the filing of the petition with the secretary. The chairperson will notify the counsel and the petitioner of the composition of the hearing panel and the time and place of the hearing, which will be conducted pursuant to the procedures set out in Rules .0114 to .0118 of this subchapter. The secretary shall transmit to the counsel and to the petitioner any notices in opposition to or concurrence with the petition filed with the secretary pursuant to .0129(a)(3)(A) or (B).

27 N.C.A.C. 1B.0129(a)(6).

The requirements Petitioner carries the bidden to meet by "clear, cogent, and convincing evidence" are also set forth in our Administrative Code:

> (A) not more than six months or less than 60 days before filing the petition for reinstatement, a notice of intent to seek reinstatement has been published by the petitioner in an official publication of the North Carolina State Bar. The notice will inform members of the Bar about the application for reinstatement and will request that all interested individuals file with the secretary notice of opposition to or concurrence with the petition within 60 days after the date of publication;
>
> (B) not more than six months or less than 60 days before filing the petition for reinstatement, the petitioner has notified the complainant(s) in the disciplinary proceeding which led to the lawyer's disbarment of the notice of intent to seek reinstatement. The notice will specify that each complainant has 60 days from the date of publication in which to file with the secretary notice of opposition to or concurrence with the petition;
>
> (C) the petitioner has reformed and presently possesses the moral qualifications required for admission to practice law in this state taking into account the gravity of the misconduct which resulted in the order of disbarment;

(D) permitting the petitioner to resume the practice of law within the state will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest, taking into account the gravity of the misconduct which resulted in the order of disbarment;

(E) *the petitioner's citizenship has been restored if the petitioner has been convicted of or sentenced for the commission of a felony;*

(F) the petitioner has complied with Rule .0128 of this subchapter;

(G) the petitioner has complied with all applicable orders of the commission and the council;

(H) *the petitioner has complied with the orders and judgments of any court relating to the matters resulting in the disbarment*;

(I) the petitioner has not engaged in the unauthorized practice of law during the period of disbarment;

(J) the petitioner has not engaged in any conduct during the period of disbarment constituting grounds for discipline under G.S. 84-28(b);

(K) the petitioner understands the current Rules of Professional Conduct. Participation in continuing legal education programs in ethics and professional responsibility for each of the three years preceding the petition date may be considered on the issue of the petitioner's understanding of the Rules of Professional Conduct. Such evidence creates no presumption that the petitioner has met the burden of proof established by this section;

(L) the petitioner has reimbursed the Client Security Fund of the North Carolina State Bar for all sums, including costs other than overhead expenses, disbursed by the Client Security Fund as a result of the petitioner's misconduct. The petitioner is not permitted to collaterally

attack the decision of the Client Security Fund Board of Trustees regarding whether to reimburse losses occasioned by the misconduct of the petitioner. This provision shall apply to petitions for reinstatement submitted by petitioners who were disbarred after August 29, 1984;

(M) the petitioner has reimbursed all sums which the Disciplinary Hearing Commission found in the order of disbarment were misappropriated by the petitioner and which have not been reimbursed by the Client Security Fund;

(N) the petitioner paid all dues, Client Security Fund assessments, and late fees owed to the North Carolina State Bar as well as all attendee fees and late penalties due and owing to the Board of Continuing Legal Education at the time of disbarment.

(O) if a trustee was appointed by the court to protect the interests of the petitioner's clients, the petitioner has reimbursed the State Bar all sums expended by the State Bar to compensate the trustee and to reimburse the trustee for any expenses of the trusteeship;

(P) the petitioner has properly reconciled all trust or fiduciary accounts, and all entrusted funds of which the petitioner took receipt have been disbursed to the beneficial owner(s) of the funds or the petitioner has taken all necessary steps to escheat the funds.

27 N.C.A.C. 1B.0129(3) (A)-(P) (emphasis supplied).

The DHC granted the State Bar's motion to dismiss on the grounds Petitioner failed to have "complied with the orders and judgments of any court relating to the matters resulting in the disbarment." 27 N.C.A.C. 1B.0129(a)(3)(H). Petitioner alleged he could comply with this provision. Petitioner failed to carry his burden to show show he has completed his federal active and probationary sentences under

"judgments of any court relating to the matters resulting in the disbarment." *Id.* Petitioner's argument is overruled.

The State Bar also alleged Petitioner has failed to comply with 27 N.C.A.C. 1B.0129(3)(E), which requires a petitioner to have had their citizenship restored if they have been convicted of a felony in support of its motion to dismiss. Petitioner was convicted of multiple felonies and is still serving his active federal sentence, to be followed by three years of mandatory probation, and his citizenship has not been restored.

The DHC did not err in granting the State Bar's motion to dismiss. In light of our holding, we need not address Petitioner's remaining arguments relating to the State Bar's motion to dismiss. Petitioner's allegations are insufficient "to state a claim upon which relief may be granted[.]" *Christmas*, 192 N.C. App. at 231, 664 S.E.2d at 652, or to assert any grounds to carry his burden by "clear, cogent, and convincing evidence" to meet the requirements for reinstatement as forth in our Administrative Code. 27 N.C.A.C. 1B.0129(3).

## VI. Constitutional Challenges Before the DHC

Petitioner argues the DHC erred in dismissing his motion seeking a declaratory ruling concluding 27 N.C.A.C. 1B.0129(a)(3iE) is unconstitutional. Petitioner's argument is misplaced. "The Legislature has expressly and specifically delegated to the State Bar Council and DHC the power to regulate and handle disciplinary proceedings of the State Bar." *N.C. State. Bar v. Rogers*, 164 N.C. App.

648, 654, 596 S.E.2d 337, 341 (2004) (citations omitted).

The Administrative Procedures Act "is a statute of general applicability, and does not apply where the Legislature has provided for a more specific administrative procedure to govern a state agency." *Id.* (citation omitted). Petitioner asserts the DHC was required to apply N.C. Gen. Stat. § 150B-4(a) (2023). The Administrative Procedures Act is not applicable to the DHC in Petitioner's motion for a declaratory ruling. The Legislature has not delegated authority to the DHC hear motions for declaratory relief under the Administrative Procedures Act. *Id.*

## VII. Appellate Jurisdiction of the State Bar Council

Petitioner argues the State Bar Council erred in dismissing his appeal of the dismissal of his motion for a declaratory ruling. Our General Statutes provide: "There shall be an appeal of right by either party from any final order of the Disciplinary Hearing Commission to the North Carolina Court of Appeals." N.C. Gen. Stat. § 84-28(h). The State Bar Council did not err in dismissing Petitioner's purported appeal. *Id.*

## VIII. Conclusion

Petitioner has not complied with execution and terms of the judgment and completed his federal sentence, and he has not had his citizenship restored following serving his sentence. The DHC does not have jurisdiction to hear motions for declaratory relief under the Administrative Procedures Act. The DHC did not err in dismissing Petitioner's petition and motion. The State Bar Council did not have

appellate jurisdiction over a final order of the DHC. *Id.* The orders of the DHC and State Bar Council are affirmed. *It is so ordered.*

AFFIRMED.

Judges STROUD and GORE concur.